UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE REED ROBBINS,

               Plaintiff,

v.                                   Case No. 3:05-cv-1325-J-32MCR

SGT. THEODORE C. ZOLLO,
et. al.,

               Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On December 5, 2005, Plaintiff Gene Reed Robbins, an inmate incarcerated at Jackson Correctional Institution in Malone, Florida, who is proceeding *pro se*, initiated this action by sending a handwritten letter to the Fort Myers Division of this Court. The handwritten letter addressed to the Court was filed in the Fort Myers Division on December 12, 2005, and thereafter construed as a Civil Rights Complaint (Doc. #1) (hereinafter Complaint). The case was transferred to the Jacksonville Division of this Court on December 22, 2005. See Court's Order of Transfer (Doc. #2), filed December 22, 2005.

In the Complaint, Plaintiff claims that he was physically assaulted by correctional officers at the Reception and Medical Center in Lake Butler, Florida, on November 12, 2005.  He further contends that he did not see a doctor for two days and that several items of his property were stolen.  He requests that this Court contact Agent Richard Dent (Federal Bureau of Investigation) and Agent Victoria G. Marsey (Florida Department of Law Enforcement). It is noteworthy that Plaintiff is no longer incarcerated at the Reception and Medical Center in Lake Butler, Florida, but is now housed at Jackson Correctional Institution.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).  Thus, a district court must dismiss the suit when it finds that the plaintiff inmate has not exhausted his administrative remedies.  Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

Further, federal courts have indicated that the penal facility, during the administrative exhaustion process, "may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (citations omitted); Chandler, 379 F.3d at 1287 (pointing out that the purpose of administrative exhaustion is to place the facility on notice of the disputed issue and to allow the administrators an opportunity to investigate the issue, to resolve the dispute internally and thus "limit judicial intervention in the management of prisons") (citations omitted).

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for effectively determining how the penal facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.  Plaintiff should note that he is required to fully exhaust his administrative remedies **before** initiating a civil rights case in this Court.

Therefore, for this reason, this case will be dismissed without prejudice to Plaintiff's right to refile after he has completed the exhaustion process with respect to each issue. Plaintiff may consider attaching this Order to his grievances as notification to the grievance administrators that Plaintiff has

- 3 -

been instructed to exhaust these issues prior to seeking relief in this Court.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     This case is hereby dismissed **without prejudice**.

2.     The Clerk of the Court shall provide Plaintiff with a civil rights complaint form and an Affidavit of Indigency form.[1]

3.     The Clerk of the Court shall enter judgment dismissing this action without prejudice.

4.     The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of January, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] If Plaintiff chooses to file a civil rights complaint in this Court after exhaustion, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process.  He must attach to the form any grievances he filed regarding his claims, and the responses thereto.  Additionally, he must *either* pay the $250.00 filing fee *or* file an Affidavit of Indigency.  In compliance with Section VII. of the Affidavit of Indigency form, Plaintiff must submit a copy of his prison account statement containing all transactions in his prisoner account for the six (6) months prior to the filing of the Complaint.  See Affidavit of Indigency, Section VII.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to initiate a new case.

- 4 -

sc 1/5
c:
Gene Reed Robbins